O

# United States District Court
# Central District of California

| | |
|---|---|
| MICHAEL WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>THE SENIOR LEADERS SEVERANCE PAY PLAN OF DANAHER CORPORATION AND ITS AFFILIATED COMPANIES, an ERISA plan; DANAHER CORPORATION, a corporation; DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 2:17-cv-03476-ODW (JCx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS [34]** |

Plaintiff Michael White claimed he was improperly denied severance benefits after his employer fired him. He sued his employer, Danaher Corporation, and The Senior Leaders Severance Pay Plan of Danaher Corporation (collectively, "Danaher"). (Compl., ECF No. 1.) On June 27, 2018, the Court granted Danaher's Motion for Summary Judgment. (Order Granting Defs.' Mot. for Summ. J. ("MSJ Order"), ECF No. 30.) Danaher now seeks its attorneys' fees and costs pursuant to ERISA's[1] civil

---
[1] Employee Retirement Income Securities Act, 29 U.S.C. § 1132.

enforcement provision. (Mot. for Attorney Fees and Costs ("Mot.") 5, ECF No. 34.) For the reasons below, the Court **DENIES** Danaher's Motion.[2]

## I. BACKGROUND

The Court addressed the factual allegations and procedural history relevant to this case in its MSJ Order and incorporates that discussion here by reference. (*See* ECF No. 30.) After obtaining summary judgment in its favor, Danaher now seeks an award of attorneys' fees of $94,733.60 and costs of $507.37. (Notice of Mot. 2.)[3]

## II. LEGAL STANDARD

Under ERISA's civil enforcement provision, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). A claimant is eligible to seek fees under section 1132(g)(1) if they have achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

Once a fee claimant is found eligible, district courts must apply the factors articulated in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980), in exercising their discretion to award fees. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). The "*Hummell* factors" include:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA

---

[2] After considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[3] Danaher also seeks judicial notice of several documents relevant to the reasonableness of Danaher's submitted billing rates and hours. (Req. for Judicial Notice, ECF No. 34-4.) Because the Court does not find a fee award appropriate, it is unnecessary to reach Danaher's Request for Judicial Notice. Accordingly, Danaher's Request for Judicial Notice is **DENIED** as moot. (ECF No. 34-4.)

2

plan or to resolve a significant legal question regarding ERISA; and

(5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453. No one factor is determinative, and some factors may be irrelevant depending on the case. *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984).

"[A]pplication of the *Hummell* factors must recognize the remedial purpose of ERISA in favor of participants and beneficiaries." *Honolulu Joint Apprenticeship & Training Comm. of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1239 (9th Cir. 2003). "While some Ninth Circuit authority may advise caution prior to the award of attorney's fees against [an ERISA] plaintiff, such cases do not eliminate the possibility of an award of fees to a defendant generally." *Reilly v. Charles M. Brewer Ltd. Money Purchase Pension Plan & Tr.*, 349 F. App'x 155, 158 (9th Cir. 2009). The Ninth Circuit has long made clear that "the playing field is level" and the "analysis . . . must focus only on the *Hummell* factors, without favoring" either side. *Id.* (quoting *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 408 (9th Cir. 1997); *see also Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000) (recognizing the "level playing field" and affirming denial of fees).

### III. DISCUSSION

Having obtained summary judgment in their favor, no question exists that Danaher succeeded on the merits. After considering the *Hummell* factors, however, the Court finds that a fee award is not appropriate.

### A. Bad Faith

"[T]o avoid a finding of bad faith under the *Hummell* factors, plaintiffs must have a reasonable belief that they could prove an actionable ERISA claim." *Cline*, 200 F.3d at 1236. White claimed that Danaher abused its discretion in finding he was terminated for cause and consequently denying him severance benefits. The operative question is then whether he had a reasonable belief that he could prove his claim.

White asserted several arguments in support of his claim. (*See e.g.*, MSJ Order 11, 15–16 (including that Danaher reviewed improper summaries when reviewing his claim, failed to provide specific reasons for denying his benefits, and operated under a structural conflict of interest warranting increased scrutiny).) White's claim may have been marginal, but that does not make it unreasonable. Although ultimately unsuccessful, after reviewing the record, the Court cannot find White's claim to have been brought in bad faith. Thus, this factor weighs against awarding fees.

**B.     Ability to Satisfy Fee Award**

The second *Hummell* factor considers the ability of the opposing party to satisfy the fee award. 634 F.2d at 453. Neither party disputes its ability to pay Defendants' fees. In such circumstances, the Ninth Circuit has found this factor to be neutral. *See Foster*, 332 F.3d at 1239; *see also Reilly*, 349 F. App'x at 157.

**C.     Deterrence**

Deterrence is more appropriately considered respecting a fee award to an ERISA plaintiff, and thus is of less significance here. *See Tingey v. Pixley-Richards W., Inc.*, 958 F.2d 908, 910 (9th Cir. 1992). The interest in deterrence must be "balanced against the interest in ensuring that plan participants are not overdeterred from pursuing the prompt enforcement of their rights under a plan." *Black v. Greater Bay Bancorp Exec. Supplemental Comp. Benefits Plan*, No. 16-CV-00486-EDL, 2018 WL 1510084, at *6 (N.D. Cal. Mar. 27, 2018), *appeal docketed*, No. 18-1570 (9th Cir. Apr. 26, 2018). The cost of litigation and unlikelihood of success generally deter ERISA plaintiffs from frivolous litigation. *Sanjiv Goel, M.D., Inc. v. Motion Picture Indus. Pension & Health Plan*, No. CV 14-2056 PSG (CWX), 2015 WL 13376563, at *4 (C.D. Cal. Oct. 23, 2015). There is no need for additional deterrence where a fee award would "tend to deter marginal but meritorious" claims. *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994). Because the Court does not find that White acted in bad faith, there is no need to further deter similar claims. Accordingly, this factor weighs against awarding fees.

## D. Benefit to All

"A lawsuit that benefits all plan participants or leads to the resolution of important legal questions regarding ERISA can support the award of fees." *Goel*, 2015 WL 13376563, at *4. As with deterrence, this factor is more appropriately considered respecting a fee award to an ERISA plaintiff, not a defendant. *See id.* (citing *Tingey*, 958 F.2d at 910). White sought to recover severance benefits for himself, not to benefit other plan participants or resolve important legal questions. However, neither is the Court convinced that Danaher's motivation was anything more than a desire to avoid a severance payment to White. Thus, this factor is neutral.

## E. Relative Merits

The final *Hummell* factor is the "relative merits of the parties' positions." 634 F.2d at 453. There is no question that Danaher prevailed on all issues. Thus, this factor favors a fee award.

Reviewing the *Hummell* factors, two factors weigh against, two factors are neutral, and one factor favors a fee award. Only when a litigant has achieved some success on the merits *and* the *Hummell* factors weigh in favor is a fee award appropriate. Danaher obtained summary judgment in its favor, but the *Hummell* factors do not favor a fee award. Accordingly, the Court denies Danaher's motion for attorneys' fees and costs.

## IV. CONCLUSION

For the reasons above, the Court **DENIES** Danaher's motion for attorneys' fees and costs. (ECF No. 34.)

**IT IS SO ORDERED.**

October 22, 2018

                                                   _____
                                                              **OTIS D. WRIGHT, II**
                                                     **UNITED STATES DISTRICT JUDGE**